**William BEAUDRY, et al., Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

No. C9–93–689.

Court of Appeals of Minnesota.

Oct. 19, 1993.

Review Granted Dec. 27, 1993.

---

James F. Dunn, James F. Dunn & Associates, P.A., St. Paul, for appellants.

A. James Dickinson, Suzanne Wolbeck Kvas, Stringer & Rohleder, Ltd., St. Paul, William M. Hart, Meagher & Geer, Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and PARKER and SHORT, JJ.

## OPINION

LANSING, Judge.

An insured's estate challenges the district court's summary judgment that a cause of action for underinsured motorist benefits did not survive the death of the insured.

## FACTS

This claim for underinsured benefits is based on Alice Beaudry's severe injuries, incurred when a car driven by her husband was struck head-on by Leonard Defoe, Jr. Defoe had a blood alcohol level of 0.26 and was convicted of gross misdemeanor DWI and criminal vehicular operation.

Beaudry's medical bills totaled $67,785.83. Beaudry's insurer, State Farm, paid the hospital $20,000, the limit of its per person no-fault medical benefits. Beaudry had underinsured motorist coverage with State Farm with limits of $100,000 per person. Defoe was insured by Colonial Insurance Company of California, with a limit of $30,000 per person/$60,000 per occurrence. Colonial offered a settlement of $30,000 to Beaudry. In November 1991 Beaudry's counsel informed State Farm of Beaudry's intention to accept the settlement and submit an underinsured motorist claim to State Farm. Pursuant to *Schmidt v. Clothier*, 338 N.W.2d 256 (Minn. 1983), State Farm was given the opportunity to substitute its check for that of Colonial within thirty days and thereby preserve its subrogation rights against Defoe. State Farm promptly notified Beaudry that it would not substitute its draft to preserve subrogation rights. Beaudry then accepted Colonial's settlement and released Defoe from further liability.

State Farm failed to respond to the demand for the underinsured policy limits, and Beaudry brought this action against State Farm. Subsequently, on January 18, 1992, Beaudry died from a recurrence of breast cancer. State Farm moved for summary judgment on the ground that Beaudry's claims for underinsured motorist benefits abated at her death according to Minn.Stat. § 573.01, the survival statute. The district court granted the motion.

## ISSUE

Did Alice Beaudry's claim for underinsured motorist benefits abate at her death under Minn.Stat. § 573.01?

## ANALYSIS

■ Underinsured motorist coverage is excess coverage to be used only after the cause of action against the insured tortfeasor has been concluded. *Employers Mut. Cos. v. Nordstrom*, 495 N.W.2d 855, 856 (Minn.1993). Recovery from the tortfeasor may be concluded either through a tort claim in a district court action or by settlement. *Id.* at 857. A recovery from the tortfeasor's liability insurance is a condition precedent to bringing a claim for underinsured motorist benefits. *Id.*

■ State Farm argues that Beaudry's estate cannot pursue the underinsured claim because it is a tort claim that did not survive Beaudry. State Farm cites Minn.Stat. § 573.01 (1992) in support of its argument. That statute reads:

A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter.

The section 573.02 exception, the Wrongful Death Act, does not apply in this case.

In granting State Farm's summary judgment motion, the district court relied on *McIntosh v. State Farm Mut. Auto. Ins. Co.*, 488 N.W.2d 476 (Minn.1992). In *McIntosh*, the Minnesota Supreme Court concluded that an insured's claim for uninsured motorist coverage sounded in tort because fault must be proven under tort law in order for the insured to collect. *Id.* at 479. The *Nordstrom* decision was released just days before the district court in this case filed its summary judgment order, and neither the parties nor the district court had the benefit of that decision during the proceeding below.

*Nordstrom* points out that an underinsured claim is "both alike and unlike a tort cause of action" because the contract action for underinsured benefits raises similar issues to those raised in a tort action. *Nordstrom*, 495 N.W.2d at 856. Yet, *Nordstrom* describes an underinsured claim as a "contract action for first party benefits against one's own insurer, unlike a tort action for damages against a third party tortfeasor." *Id.* An underinsurer pays damages in excess of those recovered against the tortfeasor because it is contractually obligated to do so. *Id.* at 859.

At the time of Alice Beaudry's death in January 1992, her underinsured claim had matured because she had satisfied the condition precedent of obtaining recovery from tortfeasor's liability insurer. State Farm waived its right of subrogation against the tortfeasor after Beaudry properly notified State Farm of the settlement. Beaudry was thus free to pursue her claim against the underinsurer. Her policy stated that the underinsurer would pay those damages its insured would be "legally entitled to collect" against the driver of an underinsured vehicle.

■ Beaudry's right to collect against her underinsurer is not defeated by the survival statute's declaration that a cause of action arising out of an injury to the person dies with that person. We further note that treating underinsured claims as contract actions with respect to the survival statute is consistent with their treatment for statute of limitations purposes. The contract statute of limitations governs actions for underinsured motorist benefits. *O'Neill v. Illinois Farmers Ins. Co.*, 381 N.W.2d 439, 440 (Minn. 1986).

## DECISION

Beaudry's claim for underinsured benefits did not abate at her death under Minn.Stat. § 573.01. We reverse the district court's grant of summary judgment.

**Reversed.**